IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| KAYDEN INDUSTRIES (USA) INC., § § *Plaintiff,* § § v. § § OCCUPATIONAL SAFETY & HEALTH § REVIEW COMMISSION, § § UNITED STATES DEPARTMENT OF § LABOR, § § JONATHAN SNARE in his official § capacity of Commissioner and Chairman of § the Occupational Safety & Health Review § Commission, and § § LORI CHAVEZ-DEREMER in her official § capacity as Secretary of Labor, § § *Defendants.* § | CIVIL ACTION NO. 4:26-cv-00019 | |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**INTRODUCTION**

1. Plaintiff Kayden Industries (USA) Inc. ("Kayden") brings this case to challenge the unconstitutional structure and process employed by the Occupational Safety and Health Review Commission ("OSHRC") to review a Citation issued by the Occupational Safety and Health Administration ("OSHA"), an agency of the United States Department of Labor ("DOL"). In a series of recent opinions, the Supreme Court has applied the separation of powers doctrine and struck down similar unconstitutional agency structures. Despite the Supreme Court's clear pronouncements, Congress has failed to amend the Occupational Safety and Health Act of 1970,

29 U.S.C. §651, *et seq*. ("OSH Act") to bring OSHRC in compliance with the minimum constitutional requirements.  As a result, Kayden is being denied its constitutionally guaranteed right to due process of law before a constitutionally adequate tribunal.

2. Specifically, OSHRC's review proceedings are unconstitutional for the following reasons:

   a. The Supreme Court's decision in *Sec. & Exch. Comm'n v. Jarkesy*, 603 U.S. 109 (2024) overruled *Atlas Roofing Co., Inc. v. Occupational Safety & Health Review Comm'n*, 430 U.S. 442 (1977) and, therefore, Kayden is entitled to a trial by jury as to alleged violations of the OSH Act.

   b. The current scheme for the appointment of OSHRC's administrative law judges (29 U.S.C. § 661) violates the Appointments Clause in Article II of the United States Constitution.  *See Lucia v. Sec. & Exch. Comm'n*, 138 S. Ct. 2044 (2018); *Freytag v. Commissioner*, 501 U.S. 868, 915 (1991).

   c. For cause removal of OSHRC Commissioners and administrative law judges violates the separation of powers doctrine.  *See Seila Law LLC v. Consumer Fin. Prot. Bureau*, 591 U.S. 197, 216 (2020).

3. On July 29, 2025, OSHA issued Kayden one Citation alleging three violations of the OSH Act. *See* Exhibit 1 (the "Citation").  Kayden contested the Citation timely, and on December 3, 2025, the Secretary of Labor filed her complaint before OSHRC. Kayden is prepared to defend itself against the Citation.  However, OCHRC's current administrative review scheme denies Kayden its constitutionally guaranteed substantive and procedural protections. Therefore, Kayden brings this action to enjoin OSHRC and the DOL from prosecuting Kayden before a constitutionally deficient tribunal.

**THE PARTIES**

4. Plaintiff, Kayden is a Deleware corporation with its principal place of business located in Conroe, Texas.

5. Defendant, OSHRC is an "independent administrative agency" of the United States. Among other things, OSHRC is empowered to review Citations issued by OSHA alleging a violation of the OSH Act. *See* 29 U.S.C. §659(c).

6. Defendant, Jonathan Snare is the sole active OSHRC Commissioner and is sued in his official capacity as a Commissioner of OSHRC.

7. Defendant, DOL is an agency of the United States.

8. Defendant, Lori Chavez-DeRemer is the Secretary of Labor and is sued in her official capacity (the "Secretary").

9. OSHRC, Jonathan Snare, DOL, and Lori Chavez-DeRemer are collectively referred to herein as "Defendants" or the "Government."

## JURISDICTION AND VENUE

10. This action arises under the Constitution and laws of the United States, and this Court has federal question jurisdiction over this action pursuant to Article III of the Constitution and 28 U.S.C. § 1331.

11. Kayden's right to immediate judicial review in this Court with respect to Defendants' alleged conduct is based on the Due Process Clause of the Fifth Amendment and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. *See Axon Enter., Inc. v. Fed. Trade Comm'n*, 598 U.S. 175, 143 S. Ct. 890, 215 L. Ed. 2d 151 (2023).

12. Venue is proper under 5 U.S.C. § 703 and 28 U.S.C. § 1391(e)(1)(b) because the Citation is based on events or omissions alleged to have occurred in Ward County, Texas.

## FACTS AND BACKGROUND

13. Kayden was founded in Calgary, Alberta in 1995. Since then, the three-person start-up has grown into a global leader in the liquid-solid separation industry.

14. Because Kayden equipment is used all over the United States, Kayden frequently relies on subcontractors to perform maintenance and other service-related activity at well sites.

15. Kayden's subcontractor agreement mandates that the subcontractor:

   a. shall provide qualified, properly trained personnel;

   b. is solely responsible for recruiting, screening (including authorization to work), hiring, training, evaluating, disciplining, discharging, insuring and paying all staff to perform services;

   c. shall supervise staff to ensure adherence to federal, state and local law; and

   d. shall enforce its policies and manage all HR functions for its employees.

16. On or about January 31, 2025, an employee of DCS All American ("DCS") was fatally injured while servicing Kayden equipment installed at a third-party controlled well site.

17. The employee was a 12 plus year veteran of the oil and gas industry as a solids/fluids control operator.

18. DCS reported the Accident to OSHA in a manner consistent with 29 C.F.R. § 1904.39.

19. OSHA subsequently initiated an inspection, which Kayden fully cooperated

20. On July 29, 2025, the DOL issued Kayden the Citation alleging three serious violations:

    a. Item 1: Alleged failure by Kayden to provide training to DCS employees regrading use of personal protective equipment in violation of 29 C.F.R. § 1910.132(f)(1).

    b. Item 2: Alleged failure by Kayden to provide DCS employees, at no cost to the employee, personal protective equipment in violation of 29 C.F.R. § 1910.132(f)(1).

    c. Item 3: Alleged failure by Kayden to provide training to DCS employees regarding hazardous chemicals they may encounter in the workplace in violation of 29 C.F.R. § 1910.1200(h)(1).

21. Kayden denies it violated the OSH Act. Among other defenses, Kayden asserts:

    a. The Occupational Safety and Health Review Commission lacks jurisdiction over this matter.

    b. Kayden was not required by the applicable standards to perform the duty in question and/or to the extent Kayden owed any duty under the cited regulations it complied with its obligation(s).

    c. DCS provided employees personal protective equipment at no cost to the employee.

    d. Kayden did not know and could not have known with the exercise of reasonable care of the alleged hazardous conditions or that DCS's employee would engage in conduct that would expose themselves to the same.

    e. Kayden lacked actual or constructive knowledge of the alleged violations.

    f. Kayden lacked fair and adequate notice that the conditions described in the Citation did not comply with the alleged standard.

    g. The alleged standards are unconstitutionally vague and do not provide adequate notice of the conduct that is required.

22. On August 19, 2025, Kayden attended an Informal Conference with OSHA in an attempt to resolve the Citation. The parties were unable to reach an agreement.

23. To preserve its right to challenge the Citation, on August 19, 2025, Kayden filed its timely Notice of Contest in a manner consistent with 29 C.F.R. § 2200.33. The Secretary subsequently forwarded the Notice of Contest to OSHRC. OSHRC initiated a review proceeding and docketed the Notice of Contest. OSHRC assigned the proceeding docket number 25-1054. To date, Kayden participated in the OSHRC proceeding by taking defensive actions such as filing an Answer.

## SUMMARY OF ALLEGATIONS

24. OSHRC's current administrative review scheme denies Kayden its constitutionally guaranteed substantive and procedural protections. Therefore, Kayden demands a trial by jury or, in the alternative, a trial by an arbiter appointed in a manner consistent with the United States Constitution.

25. Declaratory and injunctive relief is necessary to prevent Kayden from being compelled to submit to an unconstitutional proceeding and from suffering further irreparable professional, reputational and financial harm, all without constitutionally sufficient meaningful judicial review.

26. If the current unconstitutional administrative proceeding results in adverse findings against Kayden, the administrative law judge's and/or OSHRC's findings would be given substantial deference, entrenching the harm caused by OSHRC's unconstitutional proceedings.

27. Without the requested declaratory and injunctive relief, Kayden will suffer irreparable harm by being forced to undergo an expensive, time-consuming, reputation-destroying, unconstitutional proceeding. Limited judicial review after that unconstitutional proceeding cannot and does not provide meaningful relief for the constitutional violations at issue in this manner.

## OSHRC'S UNCONSTITUTIONAL STRUCTURE

28. Subject to Fourth Amendment limitations, the OSH Act expressly authorizes the Secretary of Labor or his or her authorized representative to enter, inspect and investigate workplaces, interview employees and managers, and obtain and review records and documents. 29 U.S.C. § 657.

29. If, following the inspection, the Secretary or his or her authorized representative believes an employer has violated the OSH Act, the DOL can issue Citation(s). 29 U.S.C. § 658.

30. Following the receipt of a notice of a Citation, an employer has fifteen working days to contest the Citation by notifying the Secretary that it wishes to contest the Citation. 29 U.S.C. § 659. During those fifteen business days, employers and OSHA frequently engage in an Informal Conference, which is an attempt to resolve, or settle, the allegations set forth in the Citation. 29 C.F.R. § 1903.20.

31. Following the receipt of a Notice of Contest, the Secretary must immediately notify OSHRC which shall afford the employer a hearing in accordance with 5 U.S.C. § 554. 29 U.S.C. § 659(c).

32. Employer contests are heard by an administrative law judge appointed by OSHRC who makes a determination and provides a report of his or her determination to OSHRC. 29 U.S.C. § 661(j). The Administrative Law Judge's report becomes a final order of OSHRC unless, within 30 days after the report is issued, an OSHRC Commissioner directs that the report be reviewed by

the Commission. *Id.* Final OSHRC orders are subject to limited judicial review by the Circuit Courts of Appeals and/or the United States Supreme Court. 29 U.S.C. § 660.

33. OSHRC is intended to be composed of three Commissioners appointed by the President with the advice and consent of the Senate. Commissioners serve six-year terms. 29 U.S.C. § 660(a). OSHRC Commissioners may only be removed by the President for "Inefficiency, neglect of duty, or malfeasance in office." *Id.* at 660(b). OSHRC may only act when a two-member quorum is present. *Id* at 661(f).

34. The Chairman of OSHRC appoints Administrative Law Judges. *Id.* at 661(e). Administrative Law Judges are subject to civil service rules that limit their ability to be removed. *Id.* at 661(k).

35. OSHRC's Administrative Law Judges do not preside over jury trials.

**A.   OSHRC's Review Structure Violates Kayden's Seventh Amendment Right to Trial by Jury.**

36. The Seventh Amendment to the United States Constitution provides:

> In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law. U.S. Const. amend VII.

37. The Supreme Court has interpreted the Seventh Amendment's operative phrase "Suits at common law" as requiring a jury trial in those civil cases that would have required one in the courts of England in 1791 - the year the Seventh Amendment was ratified. *See Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 376, (1996) (discussing "our longstanding adherence to this 'historical test'"); *Dimick v. Schiedt*, 293 U.S. 474, 476 (1935); *United States v. Wonson*, 28 F. Cas. 745, 750 (C.C.D. Mass. 1812) (No. 16,750). Generally, this determination hinges on whether a claim pursues vindication of legal rather than equitable rights. This includes statutory

claims that did not exist in 1791 where the statute provides for rights and remedies analogous to those that existed at common law or where the newly-created cause of action "serves the same essential function" of a historical common law action. *Pernell v. Southall Realty*, 416 U.S. 363, 375 (1974).

38. Tort claims, such as negligence, are legal actions. *See City of Monterey v. Del Monte Dunes*, 526 U.S. 687, 710 (1999) (stating that the Seventh Amendment covers all actions that "sound basically in tort"). Likewise, "[a] civil penalty was a type of remedy at common law that could only be enforced in courts of law." *Tull v. United States*, 481 U.S. 412, 422 (1987).

39. However, when Congress concludes that the remedies available in courts of law are inadequate to cope with a problem within Congress' power to regulate, Congress may create new "public rights" and remedies by statute and commit the enforcement of these "public rights" to agencies. *Atlas Roofing Co., Inc. v. Occupational Safety & Health Review Comm'n*, 430 U.S. 442 (1977). Still, the "public rights" exception to the Seventh Amendment does not apply to a novel statutory scheme where "the statutory claims are akin to common law claims." *Sec. & Exch. Comm'n v. Jarkesy*, 603 U.S. 109, 139 (2024).

40. To the extent *Atlas Roofing* remains good law, it does not apply to the Citation because liability arises under the DOL's Multi-Employer Citation Policy ("MECP"). Under the MECP, "The first step is to determine whether the employer is a creating, exposing, correcting, or controlling employer." In other words, the first step is to determine whether a duty exists. "Step Two is to determine if the employer's actions were sufficient to meet those obligations. The extent of the actions required of employers varies based on which category applies." In other words, the second step is to determine whether Kayden breached a legal duty. In other words, citing Kayden

under the MECP requires the DOL prove common law negligence bringing the claim outside of the "public rights" exception.

41. Additionally, and in the alternative, the Supreme Court's decision in *Jarkesy* overruled *Atlas Roofing* and abrogated the "public rights" exception to the Seventh Amendment. Therefore, because this action arises out of the government's attempt to enforce a civil penalty, Kayden is entitled to trial by jury.

**B.    OSHRC's Appointment of Administrative Law Judges is Unconstitutional.**

42. The Appointments Clause in Article II of the United States Constitution reads as follows:

> "[The President] shall nominate, and by and with the Advice and Consent of the Senate, shall appoint Ambassadors, other public Ministers and Consuls, Judges of the supreme Court, and all other Officers of the United States, whose Appointments are not herein otherwise provided for, and which shall be established by Law: but the Congress may by Law vest the Appointment of such inferior Officers, as they think proper, in the President alone, in the Courts of Law, or in the Heads of Departments." U.S. CONST., Art. II, § 2, cl. 2.

43. "The Appointments Clause of Article II is more than a matter of etiquette or protocol." *Edmond v. United States*, 520 U.S. 651, 659 (1997).

44. The OSH Act treats Administrative Law Judges as Inferior Officers whose appointment does not require the advice and consent of Senate. 29 U.S.C. § 661. However, the provision violates the Appointments Clause because the Administrative Law Judges are not appointed by one of the "Heads of Departments."

45. OSHRC's Administrative Law Judges are inferior officers. *Lucia v. Sec. & Exch. Comm'n*, 138 S. Ct. 2044 (2018). Therefore, they must be appointed by the "Head" of a Department. U.S. CONST., Art. II, § 2, cl. 2.

46. In the instant case, Congress vested the Chairman of OSHRC with the authority to appoint Administrative Law Judges. 29 U.S.C. § 661(e). However, the Chairman is not one of the "Heads of Departments" for two reasons. First, OSHRC is not a "like Cabinet-level department" and therefore, is not a "Department" for purposes of the Appointments Clause. *See Freytag v. Commissioner*, 501 U.S. 868, 915 (1991). Because OSHRC is not a "Department," the Chairman does not qualify as one of the "Heads of the Department" envisioned by the Appointment Clause, and Congress' decision to vest the Chairman with the authority to appoint administrative law judges is unconstitutional. Second, assuming, arguendo, that OSHRC is a "Department" for purposes of the Appointments Clause, the Chairman is not the "Head" of that Department. Instead, all three OSHRC Commissioners acting collectively are the "Head" of the department and vesting appointment authority in the Chairman alone violates the Appointments Clause.

C.  **For Cause Removal of OSHRC Commissioners and Administrative Law Judges Violates Separation of Powers.**

47. "The power to remove inferior executive officers, like that to remove superior executive officers, is an incident of the power to appoint them, and is in its nature an executive power." *Myers v. United States*, 272 U.S. 52, 161 (1926). "Since 1789, the Constitution has been understood to empower the President to keep these officers accountable - by removing them from office, if necessary." *Free Enter. Fund v. Pub. Co. Accounting Oversight Bd.*, 561 U.S. 477, 483 (2010). Thus, limiting the President's power to remove principal offers generally runs afoul of Article II of the United States Constitution. *See* US CONST. Art. II, §§ 1, 3 ("The executive Power shall be vested in a President of the United States of America," who must "take Care that the Laws be faithfully executed.").

48.     However, there are two recognized exceptions to this rule.  *See Humphrey's Executor v. United States*, 295 U.S. 602 (1935); *Morrison v. Olson*, 487 U.S. 654, (1988).  "*Humphrey's Executor* permitted Congress to give for-cause removal protections to a multimember body of experts, balanced along partisan lines, that performed legislative and judicial functions and was said not to exercise any executive power." *Seila Law LLC v. Consumer Fin. Prot. Bureau*, 591 U.S. 197, 216 (2020).  *Morris* authorizes Congress to provide for-cause removal protections for <u>inferior</u> officers "with limited jurisdiction and tenure and lacking policymaking or significant administrative authority."  487 U.S. at 691.

49.     In establishing OSHRC, Congress limited the President's authority to remove Commissioners providing that they could only be removed for "inefficiency, neglect of duty, or malfeasance in office."  29 U.S.C. § 661(b).  This limitation on Presidential power is unconstitutional.  *Humphrey's Executor* does not apply because OSHRC is not balanced along partisan lines and OSHRC undeniably exercises executive (and judicial) power.  *Morris* does not apply because Commissioners are not inferior officers, and they have significant administrative authority.

50.     Like Commissioners, OSHRC's administrative law judges are subject only to "for cause" removal.  *See* 29 U.S.C. § 661(k).  However, the administrative law judges serve sufficiently important executive functions such that the restriction on their removal takes away the President's ability to take care that the laws are faithfully executed.  *See Jarkesy v. SEC*, 34 F.4th 446 (5th Cir. 2022), *aff'd on other grounds*, 144 S.Ct. 2117 (June 27, 2024).

**CAUSE OF ACTION**
**(Declaratory Judgment and Injunctive Relief)**

51.     Kayden restates and incorporates by reference each and every allegation of the preceding paragraphs.

52. An actual case and controversy exists within this Court's jurisdiction and, therefore, the Court may declare the rights and other legal relations amongst the parties.

53. OSHRC's ongoing proceeding against Kayden is unconstitutional because: (1) it denies Kayden its Seventh Amendment right to a trial by jury; (2) OSHRC's administrative law judges are not appointed by the "Head" of a "Department" in violation of the Appointments Clause in Article II of the United States Constitution; and (3) "for cause" removal of OSHRC Commissioners and administrative law judges unduly restricts the President's ability to take care that the laws are faithfully executed.

54. Without injunctive relief from this Court, Kayden will be required to submit to an unconstitutional proceeding. This in and of itself constitutes irreparable harm to Kayden unless OSHRC and the DOL are enjoined.

55. Furthermore, if OSHRC, upon recommendation from the Administrative Law Judge, finds against Kayden, the harm to Kayden will be severe and irremediable.

56. OSHRC's conduct has caused and will continue to cause Kayden to suffer immediate and irreparable harm by annulling its Constitutional right to Due Process. No money damages can remedy this harm, and Kayden has no legal avenue by which to recover any money damages against OSHRC. Moreover, OSHRC's administrative proceeding is not speculative it is currently happening.

57. Kayden has a substantial likelihood of success on the merits of its claims. The harm to Kayden far outweighs the harm, or even inconvenience, to OSHRC and the DOL, if such relief is granted. Kayden has filed this action as early in the proceeding as possible, promptly after initiation of the OSHRC proceedings, and before any substantial government resources or time has

been expended on the prosecution of the administrative proceeding. Finally, the grant of an injunction will serve the public interest by protecting Americans' constitutional rights.

## PRAYER FOR RELIEF

WHEREFORE, Kayden Industries (USA) Inc. respectfully request that this Court enter judgment in its favor and against Defendants as follows:

a. Declare that Kayden is entitled to trial by jury;

b. Declare that OSHRC's structure is unconstitutional;

c. Declare that OSHRC's administrative adjudication procedures are unconstitutional;

d. Enjoin Defendants from continuing administrative enforcement actions against Kayden;

e. Award Kayden its reasonable costs incurred in bringing this action; and

f. Award such other and further relief the Court deems just and proper.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C**

*/s/ Ryan Swink*
Ryan Swink
USDC Bar No. 3631019
Texas Bar No. 24107940
ryan.swink@ogletreedeakins.com
John D. Surma
USDC Bar No. 607986
Texas Bar No. 24033666
john.surma@ogletreedeakins.com
One Allen Center
500 Dallas, Suite 2100
Houston, Texas 77002
Telephone: 713.655.0855
Facsimile: 713.655.0020

***Counsel for Plaintiff Kayden Industries (USA) Inc***